**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Wendell NASH, Defendant—Appellant.**

**United States of America,
Plaintiff—Appellee,**

v.

**Terry Lynn Acton, Defendant—
Appellant.**

Nos. 04–10281, 04–10293.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 30, 2005.

Decided Oct. 13, 2005.

Ann Birmingham Scheel, Esq., USPX—Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff—Appellee.

Anders V. Rosenquist, Jr., Esq., Florence M. Bruemmer, Esq., Rosenquist & Associates, Phoenix, AZ, for Defendant—Appellant.

Before: HAWKINS, THOMAS, and MCKEOWN, Circuit Judges.

## MEMORANDUM *

Wendell Nash appeals his conviction for first degree murder and Terry Acton appeals his conviction for second degree murder. We affirm both convictions.

■ The evidence was sufficient to convict Nash over his intoxication defense because "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original).

Nash admitted to stabbing Irving twice and was identified as one of the three men who stabbed Irving. The government presented substantial evidence that would allow a jury to conclude that Nash contemplated the murder before the night of the attack, including testimony that the night before Irving's murder, Nash told a friend he hated Irving and wished she would leave. He later admitted he knew earlier in the day that she had to be "beat down" for knowing who murdered his friend Raymond Hayes, and that he had asked someone to do it for him. The attack took place in a secluded area and continued over a prolonged period of time.

■ Nash did not receive ineffective assistance of counsel due to trial counsel's failure to provide timely notice of an intoxication expert. Nash presented substantial evidence of intoxication and the district

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

court instructed the jury on intoxication in an instruction prepared by Nash. Moreover, there was abundant evidence of Nash's premeditation and guilt. As a result, Nash cannot demonstrate prejudice by his counsel's failure to give timely notice of an intoxication expert. *See Strickland v. Washington*, 466 U.S. 668, 687–90, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Because this lack of prejudice is clear from the record, there is no need to defer review of the ineffective assistance of counsel claim until a habeas corpus proceeding. *See United States v. Ross*, 206 F.3d 896, 900 (9th Cir.2000).

With respect to Acton's appeal, the admission of Nash's redacted statements did not constitute an error under *United States v. Bruton*, 391 U.S. 123, 124, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Acton failed to move for severance prior to trial, leaving the district court with the option of either redacting the statements or excluding them entirely. Redaction is sanctioned by case law as an appropriate means of avoiding a *Bruton* problem. *See Richardson v. Marsh*, 481 U.S. 200, 209–11, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987). Acton, moreover, offered no other redaction or alternative means of handling the statements. Further, with six people present during Irving's murder, the use of the neutral pronoun "someone" neither specifically implicated Acton, nor indicated that any specific name was deliberately deleted. *See id.* at 208; *Gray v. Maryland*, 523 U.S. 185, 192, 118 S.Ct. 1151, 140 L.Ed.2d 294 (1998).

AFFIRMED.